Euel Jackson CUNNINGHAM, Petitioner,

v.

Dr. J. D. HARRIS, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 14407-4.

United States District Court
W. D. Missouri, W. D.

May 1, 1964.

Meredith B. Turner, Springfield, Mo. (court-appointed counsel and guardian ad litem), for petitioner.

F. Russell Millin, U. S. Atty., by John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for respondent.

BECKER, District Judge.

On June 11, 1963, Euel Jackson Cunningham, the petitioner herein, filed a petition for writ of *habeas corpus in forma pauperis*. An order to show cause was issued and a response filed.

On June 26, 1963, Meredith B. Turner, Esquire, a member of the bar of this Court, was appointed petitioner's counsel and guardian *ad litem*.

The cause was set for evidentiary hearing on November 7, 1963, at Springfield, Missouri. On that date, following the practice suggested by Judge James M. Carter in 32 F.R.D. 393, a Pre-hearing Stipulation and Order was filed. The factual issues in this cause were set forth in that order as follows:

"1. Was petitioner adequately represented by competent counsel in the criminal trial at Augusta, Georgia, which resulted in his conviction and sentence on April 12, 1960?

"2. Was petitioner mentally competent, able to understand the nature of the proceedings against him, and to cooperate with counsel in his own defense at all stages of the criminal trial referred to in paragraph 1 above?

"3. Did the trial judge's charge to the jury at the conclusion of petitioner's criminal trial in Augusta, Georgia, on April 12, 1960, exceed

the limits of fair comment and inject an unfounded statement prejudicial to petitioner?

"4. Was petitioner properly certified to be of unsound mind and transferred from the Federal Penitentiary at Augusta, Georgia, to the Medical Center for Federal Prisoners at Springfield, Missouri?

"5. Have the following incidents complained of by petitioner occurred during his term as an inmate of the Medical Center for Federal Prisoners, Springfield, Missouri, and, if so, do they amount to gross mistreatment?

"(a) Was petitioner mistreated by institution authorities in that they have threatened his life, or allowed such threats to be made, kept him in solitary confinement, permitted or participated in homosexual attacks upon him, and refused to provide proper medical treatment for his claimed illnesses?

"(b) Has petitioner been denied the privilege to send or receive mail, or has his mail been intentionally delayed, suspended, or modified?

"(c) Has petitioner been denied the privilege of access to the legal work room and facilities which is a privilege accorded other prisoners, including access to writing materials and law books and access to his personal files, and if so, has this prevented timely filing of legal motions and appeals, including an appeal in connection with his conviction in Augusta, Georgia, referred to in paragraph 1 above?

"6. Is petitioner presently of sound mind, competent to understand the nature of the proceedings, and able to cooperate with counsel in his own behalf?

"7. Is petitioner adequately represented by competent counsel in these present proceedings?"

After the evidentiary hearing it was concluded by counsel for the respective parties and the Court that petitioner's proper remedy on issues No. 1, 2 and 3 was a motion under Section 2255 of Title 18 U.S.C.A. in the committing court. As stated in Section 2255:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

That section further provides:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

And as stated in United States v. Hayman, 342 U.S. 205, l. c. 223, 72 S.Ct. 263, l. c. 274, 96 L.Ed. 232, l. c. 244 at n. 40:

"If Section 2255 had not expressly required that the extraordinary remedy of habeas corpus be withheld pending resort to established procedures providing the same relief, the same result would have followed under our decisions. [Citing cases.]"

On the record in this case it would have been virtually impossible to show that petitioner's remedy by motion under Section 2255 was inadequate and ineffective, in light of the recent opinion of the United States Supreme Court in the case of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 holding that

conventional notions of finality, *res judicata* and ordinary discretionary refusal to grant a hearing are not applicable in 2255 cases; and that the remedy provided by Section 2255 is as broad as that provided by habeas corpus. Therefore petitioner's Section 2255 remedy was adequate and available, and had not been exhausted or frustrated.

■ After the evidentiary hearing in this cause, petitioner's court-appointed counsel and guardian *ad litem* filed a 2255 motion in petitioner's committing court, the United States District Court for the Southern District of Georgia, raising issues No. 1, 2 and 3, supra. A counsel and guardian *ad litem* was appointed for petitioner in that District. Thereafter on April 15, 1964, the United States District Court for the Southern District of Georgia vacated and set aside the order of conviction and imposition of sentence. Therefore on issues No. 1, 2 and 3, this petition for writ of *habeas corpus* has become moot.

■ Turning to stipulated issues No. 4 through 7 inclusive, the Court finds on the basis of the files and records herein, the facts adduced at the evidentiary hearing held in this cause on November 7, 1963, and the Court's observance of petitioner at that time, that:

1. Petitioner was properly certified to be of unsound mind and transferred from the Federal Penitentiary at Augusta, Georgia, to the Medical Center for Federal Prisoners at Springfield, Missouri.

2. The authorities at the Medical Center have not threatened petitioner's life or allowed such threats to be made, have not improperly or illegally placed petitioner in solitary confinement, have not permitted or participated in homosexual attacks upon petitioner, have not refused to provide petitioner with proper medical treatment, and have not otherwise mistreated petitioner.

3. Petitioner has not improperly or illegally been denied the privilege to send or receive mail, nor has he had his mail "intentionally delayed, suspended or modified."

4. Petitioner has not improperly or illegally been denied access to the legal work room and facilities, including access to writing materials, law books and personal files.

5. Petitioner has not been prevented from filing a timely appeal in connection with his conviction in Augusta, Georgia. (See letter of the Honorable Elbert P. Tuttle, Chief Judge, United States Court of Appeals for the Fifth Circuit, to Meredith B. Turner, Esquire, dated March 24, 1964, which is filed herein.)[1]

6. Petitioner is presently of unsound mind, suffering from delusions of persecution, incompetent to understand the nature of the proceedings in which he is involved or to fully and effectively cooperate with counsel who is representing him. But his interests in this cause have been fully and effectively protected by his court-appointed counsel and guardian *ad litem*.

7. Petitioner's court-appointed counsel and guardian *ad litem*, Meredith B. Turner, Esquire, is a most competent lawyer whose services to petitioner in these proceedings have been outstanding and, in every respect, far in excess of the legal obligations of his appointment.

Since all questions of fact raised by stipulated issues No. 4 through 7 inclusive have been decided adversely to petitioner's contentions, the petition for writ of *habeas corpus* on file herein insofar as it is based on issues No. 4 through 7 inclusive should be denied with prejudice.

It is therefore

Ordered that the petition for writ of *habeas corpus* on file herein be, and the same is hereby, denied as moot on stipulated issues No. 1, 2 and 3, but with prejudice to stipulated issues No. 4 through 7 inclusive. It is further

---

1. In this letter Chief Judge Tuttle discusses the proposed removal from the Court of Appeals docket of the appeal from petitioner's conviction and sentence pending disposition of the 2255 proceeding initiated in the sentencing court.

Ordered that Meredith B. Turner, Esquire, petitioner's court-appointed counsel and guardian *ad litem* be, and he is hereby, relieved of all further duties under his appointment.